# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELVIN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Joan H. Lefkow |
| v. ) | |
| ) | No. 06 C 4216 |
| AMERICAN FAMILY INSURANCE ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case was originally filed in Illinois state court. Plaintiff Melvin Brown ("Brown") filed a complaint in the Chancery Division of the Circuit Court of Cook County, Illinois, against defendant American Family Insurance Group, Inc. ("American Family") seeking vacation of an arbitration award due to fraud as well as damages, sanctions, and attorneys fees for breach of contract and vexatious claims practice. Brown voluntarily dismissed that suit on July 24, 2006 and re-filed it here. American Family has moved to dismiss the case pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). For the reasons set forth below, the motion must be granted.

## I.   BACKGROUND

Brown was injured in an accident with an uninsured driver. The car he was driving was insured by American Family. Brown was treated by the North Chicago Fire Department, the St. Theresa Hospital, and the Veterans' Administration ("the VA") Hospital. He requested benefits

from American Family for medical expenses and uninsured motorist coverage. As a veteran, Brown was not personally billed for his treatment at the VA Hospital.

American Family made payments totaling $2,245 to the North Chicago Fire Department and the St. Theresa Hospital on Brown's behalf. The parties could not settle his uninsured motorist claim, so they resorted to arbitration as required by the insurance policy. American Family did not notify Brown or the arbitrators of the existence of any outstanding charges from the VA before or during the arbitration. The arbitration hearing was held on September 30, 2004. Brown was awarded $5,500 minus the $2,245 that had already been paid for a total of $3,255.

On November 11, 2004, American Family sent a satisfaction draft to Brown, but included the VA as a payee. Along with the draft, American Family enclosed a letter dated March 10, 2004 from the VA, which the VA had sent to American Family's attorney under the mistaken impression that American Family's attorney represented Brown. The letter said, in pertinent part:

> The above-named veteran [Brown] was hospitalized at a [VA] Medical Center for a non-service connected condition which we understand was caused by the tortious act of a third party, and has incurred a bill for treatment (copy enclosed).
>
> We are informed that you represent the veteran in his personal injury claim. The United States is entitled to recover the cost of its medical care under the Medical Care Recovery Act, 42 U.S.C. 2651-53. This letter constitutes notice to you of the United States' claim in this case. We would like to request that you protect the VA's interests in any suit or settlement.... If you do not agree, let us know and we will have the United States Attorney intervene to protect the VA's interests.... Should the veteran not receive any award or settlement, we will not impose any personal liability for the medical charges....
>
> The current amount of the government's lien is $4,064.00.

Brown filed a complaint against American Family in the Circuit Court of Cook County on January 12, 2005, No. 05 CH 718, seeking vacation of the arbitration award under 710 Ill.

2

Comp. Stat. 5/12 due to fraud, damages for breach of contract, and sanctions and attorneys fees under 215 Ill. Comp. Stat. 5/155 for vexatious claims practice, all based on American Family's alleged concealment of a VA lien in the arbitration proceedings. These are the same three claims that Brown now makes in this court.

American Family filed a motion in the Circuit Court to adjudicate the validity of the VA's claimed lien and to find it inapplicable to Brown's arbitration award, arguing that if there is no lien, or if the lien is invalid, then their failure to disclose it was not wrongful. The Circuit Court denied the motion without written comment. According to Brown, the motion was denied on the basis of a lack of jurisdiction to determine the validity of the VA's lien. He says that the Circuit Court advised him to refile his case in federal court. Brown took that advice, voluntarily dismissed his case, and filed this one. American Family now moves to dismiss for lack of subject matter jurisdiction.

## II. STANDARD

Federal question jurisdiction exists when a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). The usual test of whether an action arises under federal law for purposes of federal question jurisdiction is the "well-pleaded complaint" rule, which provides generally that a case "'arises under' federal law within the meaning of § 1331 ... if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 126 S. Ct. 2121, 2131, 165 L. Ed. 2d 131

3

(2006) (citing *Franchise Tax Bd.* v. *Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); *see also Metro. Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987) (citations omitted); *Louisville & Nashville R.R. Co.* v. *Mottley*, 211 U.S. 149, 152-53, 29 S. Ct. 42, 53 L. Ed. 126 (1908). Under this rule, there is no original federal jurisdiction pursuant to 28 U.S.C. § 1331 where federal law merely furnishes a defense to a plaintiff's claims. *See Caterpillar*, 482 U.S. at 392-93. This is so "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393; *see also Franchise Tax Bd.*, 463 U.S. at 10. "The issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation." *Speciale* v. *Seybold*, 147 F.3d 612, 614 (7th Cir. 1988) (quoting *Jass*, 88 F.3d at 1486).

In *Grable & Sons* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005), the Supreme Court reaffirmed that federal courts' federal question jurisdiction includes claims that are created by federal law *as well as* state law claims that implicate "significant federal issues." *Grable*, 545 U.S. at 312 (emphasis added). The Court framed the appropriate inquiry as follows: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Id.* at 314. The category of cases that fit this description, however, is "special and small." *Empire Healthchoice Assur.*, 126 S. Ct. at 2136. "Section 1331 does not permit a defendant in state litigation to obtain a federal court's resolution of each federal point that may crop up." *Jaskolski* v. *Daniels*, 427 F.3d 456, 459 (7th Cir. 2005) (citing *Grable*).

4

Under Federal Rule of Civil Procedure 12(b)(1), a case may be dismissed for lack of subject matter jurisdiction. "If subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true. However, if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945 (7th Cir. 2003) (citations omitted). The burden of proof is on the party asserting jurisdiction, and the court is free to weigh the evidence to determine whether jurisdiction has been established. *Id.*

## III. DISCUSSION

Brown argues that there is federal question jurisdiction under 28 U.S.C. § 1331 in this case because American Family has raised "federal issues" in its defense to Brown's state law claims. The "federal issues" are the need to interpret the Medical Care Recovery Act, 42 U.S.C. § 2651, and 38 U.S.C. § 1729, statutes that give the United States the right to recover its expenses for medical treatment in certain circumstances. The relevant portions of each statute are as follows:

> In any case in which the United States is authorized or required by law to furnish or pay for [medical treatment] ... to a person who is injured ... under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment ... and shall, as to this right be subrogated to any right or claim that the injured or diseased person ... has against such third person to the extent of the reasonable value of the care and treatment....

42 U.S.C. § 2651(a).

5

The United States may, to enforce a right under subsections (a) ... of this section (1) intervene or join in any action or proceeding brought by the injured ... person ... against the third person who is liable for the injury ... or the insurance carrier or other entity responsible for the payment or reimbursement of medical expenses or lost pay; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished or paid for by the United States in connection with the injury ... involved, institute and prosecute legal proceedings against the third person who is liable for the injury ... or the insurance carrier or other entity responsible for the payment or reimbursement of medical expenses or lost pay, *in a State or Federal court*, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors.

42 U.S.C. § 2651(d) (emphasis added).

Subject to the provisions of this section, in any case in which a veteran is furnished care or services under this chapter for a non-service-connected disability described in paragraph (2) of this subsection [including an injury incurred as the result of a motor vehicle accident in a state that requires auto insurance], the United States has the right to recover or collect reasonable charges for such care or services (as determined by the Secretary) from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.

38 U.S.C. § 1729(a)(1).

In order to enforce any right or claim to which the United States is subrogated under paragraph (1) of this subsection, the United States may intervene or join in any action or proceeding brought by the veteran (or the veteran's personal representative, successor, dependents, or survivors) against a third party.

...

The United States may institute and prosecute legal proceedings against the third party if [] an action or proceeding [by the veteran] is not begun within 180 days after the first day on which [the veteran receives treatment]; [] the United States has sent written notice by certified mail to the veteran ... of the intention of the United States to institute such legal proceedings; and [] a period of 60 days has passed following the mailing of such notice.

38 U.S.C. § 1729(a)(2)(A)-(B).

6

Sections 2651 and 1729 give the United States the right to seek recovery of its medical expenses, but the United States is not a party to this case and was not a party to the state court case.[1] Its only involvement thus far has been the March 10, 2004 letter it sent to American Family. Regarding Section 2651 in particular, the Seventh Circuit has explicitly held that a private litigant's tort case does not "arise under" federal law just because the government might have a pecuniary interest in it pursuant to the Medical Care Recovery Act. *Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir. 1984) (citing *Becote v. South Carolina State Hwy. Dept.*, 308 F. Supp. 1266, 1268 (D.S.C. 1970); *see also Cutts v. Braun Corp.*, 970 F. Supp. 562, 563 (N.D. Miss. 1997) (citing both *Becote* and *Thomas*). In each of these cases, the courts reasoned that the plaintiff's claimed right to relief was not based on an alleged violation of Section 2651, and that therefore the claim did not "arise under" federal law. *Thomas*, 740 F.2d at 482; *Becote*, 308 F. Supp. at 1268; *Cutts*, 970 F. Supp. at 563. The fact that the state court might be required to interpret Section 2651 was implicitly found to be not enough to support federal question jurisdiction.[2] The same rationale would apply to Section 1729.

Brown argues that the "original three count action, 05 CH 718, was brought under state law; however, in defending that action the Defendant raised Federal issues when it ... assert[ed]

---

[1] In his response to American Family's motion to dismiss, Brown does not distinguish between 42 U.S.C. § 2651 and 38 U.S.C. § 1729 in his arguments for federal question jurisdiction. Section 1729 is essentially similar to Section 2651 but is specifically applicable to the recovery of veterans' benefits. Notably, it does not include a provision similar to the one in Section 2651 allowing the United States to bring suit in federal court.

[2] In *Thomas*, the Court commented, "A lien is a claim against property. The Medical Care Recovery Act does not give the government a claim against the tortfeasor's or anyone else's property, but just a cause of action against the tortfeasor. A judgment may create a lien ... but the cause of action itself, merely a personal claim, does not." 740 F.2d at 482 (citation omitted).

7

that 'there had been no determination of the validity or amount of the claim of lien by the V.A.'" Brown's Response, at 1. He thereby concedes that Sections 2651 and 1729 are implicated only as embedded issues within American Family's defense, not as any essential element of his own claims for relief.

Although Brown does not argue that the need to interpret Sections 2651 and 1729 is a substantial federal question under *Grable*, the court notes that it is not. First, neither statute gives Brown a private right of action to sue anyone, which although not dispositive of the jurisdictional question provides relevant evidence. *Grable*, 545 U.S. at 318. Second, as has been noted above, Brown's complaint presents no "actually disputed and substantial" question of federal law. *Grable*, 545 U.S. at 314. It is not clear that Brown and American Family would actually dispute the validity of the lien; they would both have an incentive to argue that it is invalid.[3] The validity of any VA lien would not be dispositive of Brown's claims of fraud, breach of contract, and vexatious claims practices, which are fact-bound and depend on an examination of American Family's actions and the insurance policy involved. *See Empire Healthchoice Assur.*, 126 S. Ct. at 2137 (finding a lack of federal question jurisdiction for a claim brought by an insurance company to recover benefits paid to a beneficiary in the context of the Federal Employees Health Benefits Act of 1959, 5 U.S.C. § 8901 *et seq.*). Third, finding federal jurisdiction to exist in this case would likely disturb the balance of federal and state responsibilities, as it would suggest original federal jurisdiction over state tort and breach of contract claims whenever the United States might potentially have a pecuniary interest in the plaintiff's recovery.

---

[3] It is also unclear whether the federal government could sue Brown for a lien against the arbitration award under the Medical Care Recovery Act. *See Mosey* v. *United States*, 3 F. Supp. 2d 1133, 1135-36 (D. Nev. 1998) (reviewing conflicting cases from different circuits).

8

Brown complains that granting this motion to dismiss will leave him between a rock and a hard place, whereas American Family will be "in clover." Brown's Response, at 11. While the court is sympathetic to Brown's predicament, it has no discretion to consider any case outside the limits of its own jurisdiction, as this case is. *Mkt. St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir.1991). Brown's state court case was dismissed without prejudice to refile, however, and there is no apparent reason why he could not seek relief there. State courts have the authority and competence to interpret federal laws such as the ones involved here. *See Empire Healthchoice Assur.*, 126 S. Ct. at 2137; *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990).

## IV. ORDER

For the foregoing reasons, this court does not have jurisdiction to consider this case.[4] American Family's motion to dismiss [# 7] is granted, and this case is dismissed with prejudice. The clerk is directed to terminate it.

Dated: April 11, 2007   ENTER: *[signature]*

JOAN HUMPHREY LEFKOW
United States District Judge

---

[4] Neither party argues that this court has diversity jurisdiction. Both parties are domiciliaries of Illinois and the amount in controversy does not exceed $75,000.